# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **JOSHUA ALAN ROBB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:18-cv-01146** |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **KALEB HAMMOCK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Joshua Alan Robb, an inmate at the Sumner County Jail in Gallatin, Tennessee, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against Kaleb Hammock. (Doc. No. 1.) He also filed two applications to proceed in this Court without prepaying fees and costs. (Doc. Nos. 2, 5.)

## I.      Applications to Proceed as a Pauper

The Court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's *in forma pauperis* applications that he lacks sufficient financial resources from which to pay the full filing fee in advance, his applications (Doc. Nos. 2, 5) will be granted. Plaintiff will be assessed the $350.00 filing fee as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

## II.     Initial Review

Under the screening requirements of the Prison Litigation Reform Act ("PLRA"), the Court must conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The Court must also construe a *pro se* complaint liberally, United States v. Smotherman, 838 F.3d 736,

739 (6th Cir. 2016) (citing <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)), and accept the factual allegations as true unless they are entirely without credibility. <u>See</u> <u>Thomas v. Eby</u>, 481 F.3d 434, 437 (6th Cir. 2007) (citing <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992)).

### A.    Factual Allegations

Plaintiff marked a box on the complaint form reflecting that he is a pretrial detainee at the Sumner County Jail. (Doc. No. 1 at 1.) He alleges that officers executed a search warrant of his residence on March 28, 2018. (<u>Id.</u> at 5.) This warrant was "executed . . . illegally by perjury from" Defendant Kaleb Hammock, a Gallatin Police Department detective. (<u>Id.</u>) Plaintiff did not receive a copy of the search warrant until June 22, 2018, after being "bound over to Criminal Court." (<u>Id.</u>)

At some point, Plaintiff was "pulled over" and arrested "unknowingly of [his] charge" without an arrest warrant, and then transported to the Sumner County Jail. (<u>Id.</u>) He alleges that officers seized all the property in his home and two of his vehicles, including the vehicle in which he was pulled over. (<u>Id.</u>) He did not receive an incident or seizure report. (<u>Id.</u>) Plaintiff later learned that his charge is "resale of cocaine." (<u>Id.</u>) His bail was set at $60,000, and he has not made bond. (<u>Id.</u>) Plaintiff requests the return of his property, monetary damages, and a fair trial. (<u>Id.</u> at 6.)

### B.    Standard of Review

To determine whether a prisoner's complaint "fails to state a claim on which relief may be granted" under the PLRA, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. <u>Hill v. Lappin</u>, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" <u>Williams v. Curtin</u>, 631 F.3d 380, 383 (6th Cir. 2011) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of

legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson</u>, 551 U.S. at 94 (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)).

## C. Discussion

"To prevail on a cause of action under § 1983, a plaintiff must prove '(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" <u>Winkler v. Madison Cty.</u>, 893 F.3d 877, 890 (6th Cir. 2018) (quoting <u>Shadrick v. Hopkins Cty.</u>, 805 F.3d 724, 736 (6th Cir. 2015)).

### 1. Defendant Hammock

Plaintiff alleges that Defendant Hammock's perjury was the basis for a search warrant of his residence. The Fourth Amendment establishes the "right of individuals 'to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and provides that "a search warrant for a residence may not issue except 'upon probable cause, supported by Oath or affirmation.'" <u>McCallum v. Geelhood</u>, 742 F. App'x 985, 991 (6th Cir. 2018) (quoting U.S. Const. amend. IV). "A probable-cause determination requires the issuing magistrate to 'make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" <u>Id.</u> (quoting <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983)).

"[A]n officer may be held liable under 42 U.S.C. § 1983 for an illegal search or seizure when the officer 'knowingly and deliberately, or with a reckless disregard for the truth' makes 'false statements or omissions that create a falsehood' and 'such statements or omissions are

material, or necessary, to the finding of probable cause.'" <u>Peet v. City of Detroit</u>, 502 F.3d 557, 570 (6th Cir. 2007) (quoting <u>Wilson v. Russo</u>, 212 F.3d 781, 786–87 (3d Cir. 2000)).

Here, the full scope of Hammock's role in obtaining and executing the warrant authorizing a search of his residence is unclear. Indeed, Plaintiff does not provide specific allegations regarding the content of the affidavit supporting the warrant—Plaintiff alleges only that the warrant was "executed . . . illegally by perjury from" Hammock. Liberally construing the complaint in Plaintiff's favor, however, the Court infers that Plaintiff is alleging Hammock made knowingly false statements in his affidavit in support of the search warrant that were material to the finding of probable cause. Accordingly, the Court will not dismiss Plaintiff's Fourth Amendment claim against Defendant Hammock at this stage in the proceeding.

Plaintiff also alleges, however, that he is currently awaiting trial in state court for selling cocaine. Where a Section 1983 plaintiff brings a claim "related to rulings that will likely be made in a pending or anticipated criminal trial[], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." <u>Wallace v. Kato</u>, 549 U.S. 384, 393–94 (2007) (citing <u>Heck v. Humphrey</u>, 512 U.S. 477, 487–88 n.8 (1994)). Thus, the Court must determine whether Plaintiff's state prosecution is likely to require a ruling on the legality of the March 2018 search of his residence, including any evidence seized as a result of the search. And the face of the complaint does not provide the information necessary to make this determination, as there are not any specific allegations explaining the connection between the search and his pending state prosecution. Based on the sequence of events in the complaint, however, the Court infers that the search and Plaintiff's state prosecution are closely related.

Plaintiff alleges that officers executed the search warrant at his residence on March 28, 2018. (Doc. No. 1 at 5.) In the very next sentence, Plaintiff alleges: "I was arrested unknowingly of my charge and taken to Sumner County Jail with no arrest warrant." (Id.) He later adds that he was charged with "resale of cocaine." (Id.) Although Plaintiff does not provide the actual date of his arrest, he presents these allegations as though the search was a direct cause of his arrest and subsequent charge for selling cocaine. Thus, the Court infers that either the search or evidence resulting from the search will likely be subject to a ruling in Plaintiff's pending state criminal proceeding. See Richmond v. Settles, 450 F. App'x 448, 452 (6th Cir. 2011) (citing Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 328–29 (6th Cir. 2006)) (considering "only those facts alleged in [a *pro se* inmate's] complaint and the reasonable inferences that can be drawn from those facts."). Accordingly, the Court deems it appropriate to stay this action pending resolution of Plaintiff's state criminal proceeding.

The Court notes that, if Plaintiff is ultimately convicted in his state criminal case, his Fourth Amendment illegal-search claim against Hammock may face an obstacle under the doctrine set forth in Heck v. Humphrey, 512 U.S. 477 (1994). Under Heck, "a Section 1983 suit is not cognizable if it would 'necessarily' invalidate the plaintiff's conviction or sentence, unless the plaintiff can show the conviction or sentence had been set aside." Sanders v. Detroit Police Dep't, 490 F. App'x 771, 773 (6th Cir. 2012) (quoting Heck, 512 U.S. at 487). Thus, if Plaintiff is convicted in state court, and a favorable ruling to Plaintiff in this civil action would necessarily invalidate that conviction, "Heck will require dismissal." Wallace, 549 U.S. at 394 (citing Edwards v. Balisok, 520 U.S. 641, 649 (1997)). Otherwise, this civil action will proceed, "absent some other bar to suit." Id.

## 2.    Dismissal of Remaining Claims

The only named defendant in this action is Detective Hammock, and the only specific allegations against Hammock pertain to the Fourth Amendment illegal-search claim discussed above. To the extent that Plaintiff asserts other claims in the complaint, however, they are subject to dismissal.

Plaintiff's allegation regarding bail fails to state a claim due to the doctrine of absolute immunity. Plaintiff alleges that his bail was set at $60,000, which was "very excessive" for the charged offense. "It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions," Brookings v. Clunk, 389 F.3d 614, 617 (6th Cir. 2004) (citing Pierson v. Ray, 386 U.S. 547, 553–54 (1967)), and setting bail is a judicial function. Root v. Liston, 444 F.3d 127, 132 (2d Cir. 2006). There are only two instances in which judicial immunity does not apply—"if the judge's activities were 'non-judicial' in nature or if the judge's actions are performed without any jurisdiction to do so." Id. (citing Mireles v. Waco, 502 U.S. 9, 11 (1991)). There are not any allegations to support application of either exception here. Accordingly, even if Plaintiff named the individual who set his allegedly excessive bail, this claim would be subject to dismissal with prejudice.

Plaintiff also requests a "fair trial" in state court, and alleges various defects throughout the state's prosecution of him. According to Plaintiff, he did not receive a seizure report after officers seized his property, he did not know his charge at the time of his arrest, and he did not receive a copy of the search warrant until about three months after the search. To the extent that Plaintiff seeks to have this Court intervene in his pending state criminal proceedings, the Court must abstain from doing so under the doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971).

The Younger abstention doctrine provides that "federal courts should abstain from deciding

a matter that implicates pending state criminal proceedings." <u>Gonnella v. Johnson</u>, 115 F. App'x 770, 771 (6th Cir. 2004) (citing <u>Younger</u>, 401 U.S. at 43–45). This doctrine "reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." <u>Meyers v. Franklin Cty. Court of Common Pleas</u>, 23 F. App'x 201, 204 (6th Cir. 2001) (quoting <u>Moore v. Sims</u>, 442 U.S. 415, 423 (1979)). Abstention is appropriate where: (1) there is an on-going state judicial proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity to raise constitutional challenges in the state proceeding. <u>Hill v. Snyder</u>, 878 F.3d 193, 206 (6th Cir. 2017) (citing <u>Squire v. Coughlan</u>, 469 F.3d 551, 555 (6th Cir. 2006)).

All three factors supporting abstention are present here. First, Plaintiff alleges he is facing an on-going state criminal prosecution. Second, "state criminal proceedings involve important state interests." <u>Gonnella</u>, 115 F. App'x at 771–72 (citing <u>Cooper v. Parrish</u>, 203 F.3d 937, 954 (6th Cir. 2000)). And third, Plaintiff does not allege that the state court has refused or would refuse to consider any constitutional challenges in his pending proceeding. Moreover, the exceptions to <u>Younger</u> abstention—"bad faith, harassment, or flagrant unconstitutionality"—do not apply to Plaintiff's allegations regarding the seizure report, his knowledge of the charge against him, or his access to a copy of the search warrant. <u>See</u> <u>Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n</u>, 498 F.3d 328, 335 (6th Cir. 2007) (citing <u>Squire v. Coughlan</u>, 469 F.3d 551, 557 (6th Cir. 2006)) (recognizing exceptions to <u>Younger</u> abstention). Because Plaintiff is seeking equitable relief by requesting that this Court ensures he receives a fair trial in state court, the Court will exercise its discretion to dismiss these claims without prejudice. <u>Nimer v. Litchfield Twp. Bd. of Trs.</u>, 707 F.3d 699, 702 (6th Cir. 2013) (discussing <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706 (1996)).

**III.     Conclusion**

For these reasons, this action will be stayed pending the resolution of Plaintiff's state criminal proceedings, so that Plaintiff may pursue his Fourth Amendment illegal-search claim against Defendant Hammock at the appropriate time if it is not barred by Heck or some other barrier to suit. Accordingly, the Clerk will be directed to administratively close the case. Plaintiff's excessive-bail claim will be dismissed with prejudice, and his remaining claims will be dismissed without prejudice. An appropriate Order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE